## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY KENNEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-CV-0088-CVE-TLW** |
| | ) | |
| ROSE ROCK APTS, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff Anthony Kenney's pro se Complaint (Dkt. # 1) and Motion for Leave to Proceed in Forma Pauperis (Dkt. # 2).  Kenney alleges that defendant did not give him thirty or sixty days' notice of eviction from his apartment, charged him $2,533 even though someone moved in to his apartment two or three days after he vacated it, and charged "this" and "other fraud charges [stating] carpet cleaning and late fee" on his "credit file."  Dkt. # 1.  Kenney appears to seek $5,000 in damages against Rose Rock Apts for "forgery."  Id.

A.      Motion to Proceed in Forma Pauperis

In reliance upon the representations and information set forth in Kenney's motion to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds that the motion should be granted.  Kenney is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

B.    Complaint

A district court may dismiss an action filed in forma pauperis if, at any time, the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Further, a district court must dismiss an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  "Federal courts are courts of limited jurisdiction.  They posses only that power authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Among other claims, federal district courts have original jurisdiction over claims that arise under federal law,  28 U.S.C. § 1331, and claims between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

A pro se litigant's pleadings are to be construed liberally.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."  Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).  When reviewing the face of the complaint under Rule 12(b)(1), "a district court must accept the allegations in the complaint as true."  Holt v. United States, 46 F.3d 1000.

Taking the allegations in Kenney's Complaint as true, this matter is essentially a landlord-tenant dispute.  Kenney's allegations do not give rise to a claim arising under federal law.  Any claims regarding advance notice of an eviction or proper charges upon eviction arise under state law.  The Court lacks federal question jurisdiction over Kenney's claim.  28 U.S.C. § 1331.

Further, Kenney's allegations are insufficient to establish diversity jurisdiction over this case.  Kenney's allegations do not establish complete diversity.  Kenney lists his address as Tulsa,

Oklahoma.  Kenney lists the defendant's address as Tulsa, Oklahoma.  Dkt. # 1.  He does not allege

that defendant Rose Rock Apts is a citizen of a state other than Oklahoma.  Further, the amount in

controversy does not exceed $75,000.  Kenney seeks damages of $5,000.  Even if this figure does

not include the $2,533 in rent he is being charged, the total amount at issue does not approach the

required amount in controversy.  The Court lacks diversity jurisdiction over Kenney's claim.  28

U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that Kenney's Motion for Leave to Proceed <u>in Forma

Pauperis</u> (Dkt. # 2) is **granted**; Kenney is permitted to file and maintain this action to conclusion

without prepayment of fees and costs.

**IT IS FURTHER ORDERED** that Kenney's Complaint (Dkt. # 1) is **dismissed for lack

of subject matter jurisdiction**.  A separate judgment is entered herewith.

**DATED** this 10th day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3