UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY KENNEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-CV-0088-CVE-TLW** |
| | ) | |
| ROSE ROCK APTS, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is the motion titled "Relief Sought" (Dkt. # 5).  Plaintiff filed a pro
se Complaint (Dkt. # 1) and a Motion to Proceed in Forma Pauperis (Dkt. # 2).  Kenney alleged that

defendant did not give him thirty or sixty days' notice of eviction from his apartment, charged him

$2,533 even though someone moved in to his apartment two or three days after he vacated it, and

charged "this" and "other fraud charges [stating] carpet cleaning and late fee" on his "credit file."

Dkt. # 1.  The Court entered an Opinion and Order (Dkt. # 3) granting Kenney's Motion to Proceed

in Forma Pauperis and dismissing Kenney's Complaint for lack of subject matter jurisdiction.  The

Court also entered a Judgment of Dismissal for Lack of Subject Matter Jurisdiction (Dkt. # 4).

Kenney's motion appears to be a motion to reconsider, Dkt. # 5, at 1 ("plaintiff files for to

reconsider amounts damages against the Rose Rock Rental Inc") (spelling corrected), and an attempt

to state new claims.  Kenney's initial Complaint listed his eviction, the fees and charges, and fraud

as the basis of his claims against defendant.  Dkt. # 1.  The instant motion disputes the Court's

previous determinations regarding federal question and diversity jurisdiction, and is an attempt to

file new claims[1] for:

- An employment discrimination or fair housing claim;[2]

- A deceptive trade practices claim;

- A constitutional claim relating to attorneys' refusals to represent him; and

- A constitutional claim relating to the deprivation of property.[3]

Dkt. # 5.  Mindful that pro se pleadings must be construed liberally, Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991), the Court will consider both Kenney's request for reconsideration and his

attempt to state additional claims.

## I.

The Court treats Kenney's request for reconsideration as a motion for relief from a final

judgment under Fed. R. Civ. P. 60(b).  "Rule 60(b) relief is extraordinary and may be granted only

in exceptional circumstances."  Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229

(10th Cir. 2007) (quotation omitted).  A party may show "exceptional circumstances" if it can satisfy

one or more of the grounds for relief set forth in Rule 60(b).  Van Skiver v. United States, 952 F.2d

1241, 1243-44 (10th Cir. 1991).  Rule 60(b) provides, in relevant part:

---

[1]    Kenney also attached a letter from FCS, Inc. regarding his account with Rose Rock Apartments.  Dkt. # 5, at 2.  The relevance of this letter is unclear.

[2]    The motion mentions "Tital 7 of Civil Right section tort practices 10-4-111."  Dkt. # 5, at 1.  Title VII of the Civil Rights Act of 1964 concerns employment discrimination.  It is unclear whether plaintiff seeks to bring an employment discrimination claim or a fair housing claim, which would be under Title VIII of the Civil Rights Act of 1968.

[3]    Kenney references a case titled "Noble v. Oklahoma."  Dkt. # 5, at 1.  The Court was unable to locate a relevant case with a similar title.

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) "is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of <u>all</u> the facts." <u>Jennings v. Rivers</u>, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

Kenney argues that the Court's dismissal of his initial Complaint for lack of subject matter jurisdiction was in error because the Court has federal question and diversity jurisdiction over this case. Kenney does not, however, make any argument for federal question jurisdiction over the claims in his initial Complaint. The Court will address Kenney's new claims in Part II, <u>infra</u>. Kenney offers no reason that the Court's previous determination that it lacked federal question jurisdiction over the initial complaint was in error. Therefore, the Court will not reconsider its Opinion and Order on that basis.

Kenney also argues that the Court's determination of the amount in controversy for diversity jurisdiction purposes was in error. Dkt. # 5, at 1 ("controversy charges dose amount to exceed 75,000 28U.S.C.$1332 to construed liberally for damages"). Taking this allegation as true, the Court still lacks diversity jurisdiction over the claims in Kenney's initial Complaint. The Court determined that Kenney's allegations did not establish complete diversity of citizenship. Dkt. # 3, at 2-3. Kenney has failed to make additional or different allegations regarding defendant's

3

citizenship.  For these reasons, the Court finds that Kenney's motion to vacate or reconsider its Opinion and Order and Judgment of Dismissal for Lack of Subject Matter Jurisdiction should be denied.

## II.

Kenney also seeks to bring a number of new claims.  However, from the face of his motion, the Court is unable to determine the nature of these claims and whether he seeks to bring them against Rose Rock Apts or other persons or entities.  For example, Kenney seeks to bring a constitutional claim regarding unidentified attorneys' refusals to represent him.  It is unlikely that this claim is relevant to the only defendant in this case, which is an apartment building.  Rather than attempt to decipher Kenney's potential claims, which may or may not be against the defendant he has named, the Court finds it more appropriate to direct Kenney to file a new complaint.  This complaint should state the claims he seeks to bring, and name all the defendants against whom the claims are asserted.  The Court finds that the  portion of Kenney's motion that seeks to bring new claims in the instant case should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief (Dkt. # 5) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff may file a complaint stating the claims he seeks to bring, and naming all the defendants against whom the claims are asserted.  That complaint will open a new case in this Court.  Therefore, Kenney should not include this case number in any new complaint, as such complaint will be issued a new case number.  Additionally, Kenney should file a new motion to proceed in forma pauperis along with any new complaint.

**DATED** this 19th day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4